**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
                                                              :
ANITRA GREEN, on behalf of herself and all    :
others similarly situated,                                  :
                                                              :
                      Plaintiff,                           : Civil Action No.
                                                              :
vs.                                                          : **CLASS ACTION COMPLAINT AND**
                                                              : **JURY TRIAL DEMAND**
SKLAR LAW, LLC,                                    :
                                                              :
                      Defendant.                       :
                                                              :
―――――――――――――――――――――X

     Plaintiff ANITRA GREEN (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant SKLAR LAW, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

     1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the city of Pine Hill, New Jersey, the County of Camden, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information belief, SKLAR LAW, LLC ("SLL" or "Defendant"), is a law firm engaged in the business of collecting debts in this state with its principal place of business located at 20 Brace Road, Suite 205, Cherry Hills, New

Jersey 08034. The principal purpose of SLL is the collection of consumer debts in this state and SLL regularly attempts to collect debts alleged to be due another.

9. Based upon information and belief, each Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

12. This Action is properly maintained as a class action.

- During the class period, all individuals who were sued in state court in New Jersey in which the plaintiff(s) in those lawsuits were represented by Defendant and the individuals were subject to the alleged post-judgment collection conduct and practices described herein.

The Class period begins from March 24, 2023 to the filing of this lawsuit. The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors

using the Courts, the United States Postal Service, telephone and/or the Internet.

16. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to January 10, 2019, Plaintiff allegedly incurred a financial obligation to Helmer, Conley & Kasselman, P.A. ("HCK") related to legal services provided to Plaintiff and/or her family member ("the Debt").

18. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

19. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. HCK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Sometime prior to January 10, 2019, HCK transferred the Debt to Defendant for purposes of collection.

22. On January 10, 2019, Defendant, filed a lawsuit against Plaintiff on behalf of HCK entitled Helmer, Conley & Kasselman, P.A. v. Green, et. al, Cam-DC-000420-19 ("the State Court Action") in Camden County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part to recover $3,020.97, plus contractual attorney fees, related to the Debt.

23. On June 4, 2021, after no answer was filed on Plaintiff's behalf in the State Court Action, a judgment was entered against Plaintiff in the amount of $4160.81, including costs of $140.00, attorney fees of $93.35 and other costs of $906.29 ("the Judgment").

24. On or about February 24, 2023, Defendant filed a Motion for Order Enforcing Litigant's Rights after Plaintiff allegedly failed to respond to an information

6

subpoena that was served upon her.

25. On or about March 20, 2023, the Motion for Order Enforcing Litigant's Rights was granted, and the Court issued an Order Enforcing Litigant's Rights, a copy of which is attached as **Exhibit A**.

26. Subsequently, Defendant mailed Plaintiff a letter dated March 24, 2023, a copy of which is attached as **Exhibit B**.

27. The March 24, 2023 letter states: "Enclosed find an ***Order for your arrest*** and an information subpoena."

28. The March 24, 2023 letter further states:

*SHOULD YOU FAIL TO COMPLY WITH THIS ORDER FOR ARREST A WARRANT FOR YOUR AREEST MAY BE ISSUED WITHOUT FURTHER NOTICE TO YOU*

29. However, no Order for arrest was attached to the March 23, 2023 letter, but rather only the Order Enforcing Litigant's Rights was attached.

30. At the time that Defendant sent the March 24, 2023 letter, no order for arrest had been issued by the Court and no such Order for Arrest was attached to the March 24 letter as represented. Rather, enclosed with the March 24, 2023 letter was only the Order Enforcing Litigant's Rights which Defendant misrepresented as an Order for Arrest.

31. Thus, the March 24, 2023 letter was false, deceptive and misleading since the letter indicated that an Order for Arrest has been issued when in fact no Order for arrest had been issued at that time.

32. The March 24, 2023 letter attempted to falsely induce Plaintiff to pay the outstanding judgment by misleading her into believing that she was subject to an Order

7

for Arrest, when no such Order had been issued by the Court.

33. In fact, no such arrest warrant was issued until several weeks later on May 4, 2023.

34. Subsequently, on October 23, 2023 a writ of execution was issued in the State Court Action.

35. On or about December 29, 2023 based upon a New Jersey Superior Court bank levy of $4,605.25, Plaintiff's two bank accounts at Bank of America were levied upon in the amounts of $2,929.23 and $35.00 for a total bank levy amount of $2,964.23.

36. Despite the fact that on or about December 29, 2023, Defendant had levied upon Plaintiff's two Bank of America bank accounts for a total of $2,964.23, Defendant continued to proceed with a wage execution against Plaintiff's wages for the full judgement amount of $4605.25..

37. Starting with Plaintiff's pay period beginning 12/24/23-12/30/23, Defendant began garnishing Plaintiff's weekly paycheck.

38. Through the pay period 3/10/24 to 3/16/24, Defendant had garnished a total of $2,957.30 from Plaintiff's wages.

39. Even though the amount of the outstanding judgment was only approximately $4600 at the time of the bank levy and Defendant had levied upon already levied $2,964.23, Defendant continued to garnish Plaintiff's wages for nearly another $3,000.

40. In total, Defendant levied upon and executed upon Plaintiff's wages for a total of nearly $6,000, even though the total judgment amount was only $4600 or so.

41. As such, Defendant improperly restrained approximately, $1400 more of

Plaintiff's funds than Plaintiff owed on the judgment.

42. As a result of Defendant improperly restraining more of Plaintiff's money than Plaintiff owed on the Judgment, Plaintiff was deprived of use of her money and suffered actual damages, in the form of difficulty and inability to pay her bills, including her mortgage, and the incurrence of interest, fees and/or costs as a result of Defendant's over restraint of Plaintiff's assets.

43. Over a period of several months, Plaintiff was deprived of the use of more than $1400 of her money since Defendant had improperly withheld her funds.

44. Defendant had executed on Plaintiff's bank account in December 2023, but nearly three months later, Defendant failed to release the funds or file a motion for turnover, thereby depriving Plaintiff access and use of her funds, while continuing to garnish Plaintiff's wages.

45. As a result of Defendant's conduct, Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

46. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

47. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

48. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

49. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50. The documents Defendants filed in the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

51. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

52. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

53. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

54. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## **POLICIES AND PRACTICES COMPLAINED OF**

55. It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By taking and/or restraining more money from Plaintiff than it was entitled.

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

56. On information and belief, Defendants engaged in the type of violative conduct identified herein with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

57. Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if the same were set forth at length.

58. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

59. By filing collection lawsuits against consumers in improper venues and in engaging in other collection activity as set forth herein, Defendants violated:

A. 15 U.S.C. § 1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect

D. 15 U.S.C. § 1692e(2)(B), by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

E. 15 U.S.C. § 1692e(5), by taking or threatening to take any action that cannot be legally taken;

F. 15 U.S.C. § 1692e(10), by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect an amount that was not permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
March 25, 2024

                                       Respectfully submitted,

                                       By: s/ Lawrence C. Hersh
                                              Lawrence C. Hersh, Esq.
                                              17 Sylvan Street, Suite 102B
                                              Rutherford, NJ  07070
                                              (201) 507-6300
                                              *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 25, 2024                            By: s/ Lawrence C. Hersh
                                                             Lawrence C. Hersh, Esq

EXHIBIT A

Andrew Sklar, Esquire (NJ ID 016751992)
Sklar Law, LLC
20 Brace Road, Suite 205
Cherry Hill, NJ 08034
(856) 258-4050
Attorneys for Plaintiff
File No.: 27901

| HELMER, CONLEY & KASSELMAN, P.A. Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY Camden County LAW DIVISION |
|---|---|
| v. | DOCKET NO.: DC-420-19// CIVIL ACTION |
| **ANITRA GREEN DAVON GREEN** Defendant(s) | CIVIL ACTION **ORDER ENFORCING LITIGANT'S RIGHTS** |

THIS MATTER being opened to the court by Andrew Sklar, Esquire on Plaintiff's motion for an order enforcing litigant's rights and the defendant having failed to appear on the return date and having failed to comply with **information subpoena**;

IT IS on the 20TH day of MARCH, 2023, ORDERED and ADJUDGED:

1. Defendant **ANITRA GREEN** has violated Plaintiff's rights as a litigant;

2. Defendant **ANITRA GREEN** shall immediately furnish answers as required by the **information subpoena**;

3. If Defendant **ANITRA GREEN** fails to comply with the **information subpoena** within ten (10) days of the certified date of personal service or mailing of this order, a warrant for the Defendant's arrest may issue out of this Court without further notice;

/s/ Richard F. Wells
The Honorable Richard F. Wells, J.S.C. Ret./Rec. J.S.C.

"Reasons Set Forth On the Record"

EXHIBIT B

# SKLAR LAW, LLC

**20 Brace Road, Suite 205**
**Cherry Hill, NJ 08034**
**(856) 258-4050 TEL**
**(856) 258-6941 FAX**

**ANDREW SKLAR***
**MARC H. STOFMAN***
**MARK L. RHOADES***

**JONATHAN C. HERRON**
**KRISTYN A. HOLROYD***
**OLUWAKOLAPO SAPARA**

www.sklarlaw.com

*Members of NJ and PA Bars

March 24, 2023

<u>*VIA REGULAR AND CERTIFIED MAIL, R..R.R.*</u>
ANITRA GREEN
66 E. 5TH AVENUE
PINE HILL NJ 08021-6208

Re: HELMER, CONLEY & KASSELMAN, P.A. vs. ANITRA GREEN DAVON GREEN
DOCKET NO.: DC-420-19
Our File No.: 27901

Dear ANITRA GREEN:

Enclosed please find an ***Order for your arrest*** and an information subpoena, which you are required to complete and return to our office within ten (10) days.

*SHOULD YOU FAIL TO COMPLY WITH THIS ORDER FOR ARREST A WARRANT FOR YOUR ARREST MAY BE ISSUED WITHOUT FURTHER NOTICE TO YOU.*

In the meantime, if you wish to discuss amicably resolving your account, please contact my office.

Very truly yours,
/s/Andrew Sklar
Andrew Sklar, Esquire
AS/MB
Enclosures

### DISCLOSURE

**You are hereby advised, pursuant to the Fair Debt Collection Practices Act, that this firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Andrew Sklar, Esquire (NJ ID 016751992)
Sklar Law, LLC
20 Brace Road, Suite 205
Cherry Hill, NJ 08034
(856) 258-4050
Attorneys for Plaintiff
File No.: 27901

| HELMER, CONLEY & KASSELMAN, P.A. | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff(s) | Camden County |
| | LAW DIVISION |
| | |
| | DOCKET NO.: DC-420-19// |
| v. | CIVIL ACTION |
| | |
| ANITRA GREEN DAVON GREEN | |
| Defendant(s) | CIVIL ACTION |
| | ORDER ENFORCING LITIGANT'S RIGHTS |

THIS MATTER being opened to the court by Andrew Sklar, Esquire on Plaintiff's motion for an order enforcing litigant's rights and the defendant having failed to appear on the return date and having failed to comply with **information subpoena**;

IT IS on the 20TH day of MARCH, 2023, ORDERED and ADJUDGED:

1. Defendant **ANITRA GREEN** has violated Plaintiff's rights as a litigant;

2. Defendant **ANITRA GREEN** shall immediately furnish answers as required by the **information subpoena**;

3. If Defendant **ANITRA GREEN** fails to comply with the **information subpoena** within ten (10) days of the certified date of personal service or mailing of this order, a warrant for the Defendant's arrest may issue out of this Court without further notice;

/s/ Richard F. Wells
The Honorable Richard F. Wells, J.S.C. Ret./Rec.J.S.C.

"Reasons Set Forth On the Record"